JONATHAN C. REITER
EMPIRE STATE BUILDING
350 FIFTH AVENUE, SUITE 2811
NEW YORK, NEW YORK 10118
TEL: 212-736-0979
FAX: 212-268-5297
e-mail:jcrlaw@hotmail.com

JONATHAN C. REITER

MERYL I. SCHWARTZ
ROBERT A. LEVEY
GLENN A. HERMAN

* Also admitted in W Virginia & D.C
**Also admitted in New Jersey

OF COUNSEL
CAROL GAROFALO STONE
*STEPHEN GIBSON SKINNER
**STEVEN C. RAUCHBERG
DOUGLAS EMANUEL

DEC 0 5 2007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 12/11/07

December 4, 2007

*Via Federal Express*

Honorable Harold Baer
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: JUAN/JUANA DOES 1- 377 v. CHIQUITA BRANDS INTERNATIONAL
07 Civ. 10300

Honorable Sir:

We represent the plaintiffs in the above action that was filed on November 14, 2007 and assigned to Your Honor. The defendant has moved before the MDL Panel to consolidate this action with five other actions pending against them in different districts. A copy of the motion without exhibits is annexed hereto.

We are writing to ask whether Your Honor would accept and manage these cases if they were transferred to the Southern District of New York. Should the Court advise that it would be willing to undertake such an assignment, we would include that in our submission to the MDL Panel.

The factual background of the cases are as follows: The plaintiffs in four of the filed cases, including the case pending before Your Honor, are Colombian nationals who are legal heirs of individuals killed by a Colombian paramilitary group known as the Autodefensas Unidas de Colombia ("AUC"), and other armed groups in Colombia. The plaintiffs have filed separate suits against defendant Chiquita Brands International, Inc. and its subsidiaries in four different federal district courts, asserting claims under, *inter alia*, the Alien Tort Claims Act ("ATCA"), 28 U.S.C. §1350. The first complaint was filed in the United States District Court for the District of Colombia on June 7, 2007.

Subsequent complaints were filed in the Southern District of Florida on June 13, 2007, the District of New Jersey on August 3, 2007, and the case before this Court on November 14, 2007.

Chiquita pled guilty on March 19, 2007, to making illegal monetary payments in the amount of $1.7 million to the AUC which had previously been designated a Specially Designated Global Terrorist by the United States government.

The plaintiffs contend that Chiquita is liable in damages under the ATCA, which grants the District Courts jurisdiction over tort claims committed against aliens in violation of international law. Plaintiffs contend that the defendant violated international law by, *inter alia*, providing material financial support to a terrorist organization that murdered and/or tortured our clients/decedents.

Additionally, the two other groups of plaintiffs are Chiquita shareholders who allege that current and former directors of Chiquita breached their fiduciary duties to the company by making payments to the AUC. These two shareholder plaintiffs, each seeking to act on behalf of Chiquita, have filed derivative suits pursuant to Federal Rule of Civil Procedure 23.1 in two Federal District Courts. One was filed in the Southern District of Ohio on October 12, 2007; the other in the District of Columbia on October 31, 2007.

It is our position that the Southern District of New York is a proper forum for these cases. Defendant Chiquita has a registered agent in New York and is subject to jurisdiction here; modern ATCA jurisprudence originated and has developed in the Second Circuit; and the undersigned was just retained by a New York City resident who is similarly situated to the Colombian plaintiffs and our complaint will be amended accordingly.

Thank you for your consideration of this matter.

Respectfully submitted,

[signature]

JONATHAN C. REITER

12/11/07 [illegible] MDL [illegible]

SO ORDERED

[signature] USDJ

Endorsement:

My limited understanding of the MDL panels work leaves them, following application and a hearing, to determine whether to certify as an MDL case, where it should be tried and to whom it should be assigned - I have no role in any of the above obviously if eventually there is a certification, etc., etc. and I am appointed I will serve.